UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MAUDIE WILLIAMS** | * | **CIVIL ACTION NO. 10-1025** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SMURFIT-STONE CONTAINER ENTERPRISES, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss for failure to effect service within 120 days of the filing of plaintiff's complaint [Doc. # 13] filed by defendant, Smurfit-Stone Container Corporation, f/k/a Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone"). Fed.R.Civ.P. 4(m); 12(b)(5). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that the motion be **DENIED**.

On June 22, 2010, plaintiff Maudie Williams filed the above-captioned suit for race and gender discrimination arising under 42 U.S.C. §§ 1981 and 2000e against her former employer, Smurfit-Stone. Doc. # 1. On June 29, 2010, plaintiff an application to proceed *in forma pauperis* [Doc. # 3]; the undersigned denied the motion on July 1, 2010. Doc. # 5. In so ruling, the undersigned ordered plaintiff to pay the filing fee associated with this case within thirty days of the order, or by July 31, 2010. *Id*. Also on June 29, 2010, plaintiff filed a motion for appointment of counsel. Doc. # 4. On August 20, 2010, the undersigned denied plaintiff's motion.[1] Doc. # 7.

---

[1] Attorney James L. Carroll enrolled as plaintiff's counsel on January 19, 2011. Doc. # 12.

On October 21, 2010, plaintiff filed a letter with the court requesting "an extension to file a summons." Doc. # 8. Plaintiff stated that she did not have an attorney at present and that she did not know "how a summons should be presented to the other party." *Id.* On October 25, 2010, the undersigned mooted plaintiff's request for an extension to file summonses. Doc. # 9. A review of the record, the undersigned noted, revealed that no summonses had been issued by the clerk's office. Therefore, a deadline had not yet been set for service of summons. The undersigned informed plaintiff that, once the clerk's office issued the summonses, plaintiff would receive a deadline for service. *Id.* On October 25, 2010, a summons was issued against Smurfit-Stone.[2]  Doc. # 10, p. 4.

In her opposition to the underlying motion, plaintiff avers that Smurfit-Stone was served with the summons and complaint on January 20, 2011.[3]  Doc. # 19. In its reply, Smurfit-Stone contends that plaintiff has not yet effected service, but rather mailed a request for waiver of service, which "does not toll the requirement of service under Rule 4(m)." Doc. # 22. Smurfit-Stone refers to the request for waiver as "Exhibit 'A', attached"; however, there are no exhibits attached to Smurfit-Stone's reply. *See* Doc # 22. Smurfit-Stone does not indicate whether it has signed and returned the waiver to plaintiff, or if it has any intention of doing so.

## LAW AND ANALYSIS

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal

---

[2] A separate summons was issued against co-defendant Local 1505 United Steel Paper & Forestry Rubber Manufacturing Energy Allied Industrial & Service Workers International Union;" however, to date there is no evidence that this defendant has been served. Doc. # 10, p. 1.

[3] Attached as Exhibit "A" to plaintiff's opposition is a certified return receipt sent to Smurfit-Stone, 1100 Poydras Street, Suite 2900, New Orleans, Louisiana 70163-2900. This is the address for Smurfit-Stones agent for service of process, Corporate Creations Network. The return receipt was signed by "S. Weisdorffer" on January 20, 2011.

of an unserved defendant when service is not perfected within 120 days after suit is filed. Fed.R.Civ.P. 4(m).  "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

The undersigned finds that any delays in the prosecution of the suit are not the fault of plaintiff.  At the very least, the Electronic Order on October 25, 2010 provides good cause for the delay in service, as no summonses had been issued.  Doc. # 9.  With this order, the undersigned granted plaintiff 120 days to serve defendants from the date it was issued, or until February 11, 2011.

As noted *supra*, plaintiff inquired as to the procedure for filing the summonses in her letter, dated October 21, 2010.  Doc. # 8.  Although plaintiff paid her filing fee on July 27, 2010, at that time the clerk's office failed to issue summons as is standard procedure in this court. Local Rule 5.2.  The record is clear that service could not have been made within 120 days of the filing of the complaint, as the court had not yet issued summonses, and did not do so until October 25, 2010.  Doc. # 10.  As plaintiff did not receive a copy of the summonses until October 25th, she could not have served the summons and complaint, as required by Federal Rule of Civil Procedure 4(c)(1), until that date.

As to Smurfit-Stone's silence concerning its intentions on the waiver of service of

process sent by plaintiff, defendant is reminded of Federal Rule of Civil Procedure 4(d)(2).[4]

Accordingly,

**IT IS RECOMMENDED** that defendants' Motion to Dismiss for Insufficiency of Service Pursuant to Federal Rules of Civil Procedure 4(e) [doc. # 13] be **DENIED**. Fed.R.Civ.P. 12(b)(5).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[4] **Failure to Waive.**

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A)  the expenses later incurred in making service; and

(B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d)(2).

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of February, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE