**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **MAUDIE WILLIAMS** | * | **CIVIL ACTION NO. 10-1025** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SMURFIT-STONE CONTAINER ENTERPRISES, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Before the court are a motion to compel discovery responses [doc. # 36] and a motion for attorney's fees [doc. # 36] filed by Defendant, Smurfit-Stone Container Enterprises, Inc. ("Smurfit-Stone"). The motions are opposed. For reasons explained below, the motions are **GRANTED**.[1]

**Background**

On June 22, 2010, Maudie Williams ("Plaintiff") filed the instant suit for race and gender discrimination arising under 42 U.S.C. §§ 1981 and 2000e against her former employer, Smurfit-Stone. Doc. # 1. Named defendants include Smurfit-Stone and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, and Service Workers International Union on behalf of Local 1505 ("the Union"). *Id*.

The complaint alleges that Plaintiff, an African American female, was demoted from her position at a pulp mill to make room for white males with less experience than Plaintiff. [Doc. #

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

1, ¶ 9]. She claims that in so doing, Smurfit-Stone deprived her of her "right to be free from racial discrimination in the workplace as provided by 42 U.S.C. § 1981 and gender discrimination prohibited by 42 U.S.C. § 2000e[.]" [Doc. # 1, ¶ 13]. She also claims that the Union "failed to fairly represent her." [Doc. # 1, ¶ 19]. Plaintiff seeks compensatory damages, punitive damages, reasonable attorney's fees and costs, a declaratory judgment, and a permanent injunction against defendant Smurfit-Stone. *See* Doc. # 1, Prayer.

On or about March 18, 2011, defense counsel for Smurfit-Stone served Plaintiff with Defendants' First Set of Interrogatories and Request for Production of Documents. [Doc. # 36-1, p. 1]. Plaintiff responded to the discovery but did not respond completely. *Id.* A Rule 37 discovery conference was held on September 20, 2011, at which Plaintiff agreed to provide updated responses on or before October 7, 2011. *Id.* On October 14, 2011, Smurfit-Stone was still awaiting a response from Plaintiff and sent an e-mail to Plaintiff's counsel requesting discovery responses no later than October 19, 2011. *Id.* On October 21, 2011, Plaintiff provided responses to Request for Production No. 5, Plaintiff's medical records, but nothing else. *Id.*, p. 2.

On October 27, 2011, Smurfit-Stone filed the instant motion to compel discovery, requesting an Order compelling complete answers to its Interrogatories and Request for Production of Documents. [Doc. # 36]. Specifically, Smurfit-Stone requested a privilege log, as well as supplemental responses to Interrogatory No. 19 and Request for Production Nos. 1, 4, 9, 11, and 20. *Id.* Smurfit-Stone also requested costs associated with the filing of the motion. *Id.*

On November 18, 2011, Plaintiff filed an opposition to the motion to compel, claiming that all requested documentation had been provided with the exception of certain documents identified in a privilege log. [Doc. # 38]. This privilege log, which was attached to the opposition, referred to various "client notes" and audio recordings. [Doc. # 38-1].

On November 23, 2011, Smurfit-Stone filed a reply, disagreeing with Plaintiff's contention that all discovery requests had been satisfied. [Doc. # 41]. Specifically, Smurfit-Stone alleges that Plaintiff failed to provide a supplemental response to Interrogatory No. 19, wherein Smurfit-Stone requested a list of the documents and/or exhibits Plaintiff may use at trial. *Id.*, pp. 1-2. Smurfit-Stone also objected to Plaintiff's claim for attorney-client privilege as to the items requested in Request for Production No. 4 and described in the privilege log. *Id.*, pp. 2-4.

The matter is now before the court.

**Law**

Under Rule 33, a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). Likewise, Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . . ." Fed. R. Civ. P. 34(a)(1). Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

A party seeking discovery may move for an order compelling an answer or production against another party when the latter has failed to answer an interrogatory or produce documents for inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

**Discussion**

**I. Interrogatory No. 19**

With regard to Smurfit-Stone's first argument, it does not appear that Plaintiff has challenged the permissibility of the requested discovery. Defendants initially requested in Interrogatory No. 19 a list of all documents and exhibits Plaintiff may use at trial and a copy of same. [Doc. # 41, p. 1]. Plaintiff responded to the request by saying "see any and all documents attached hereto" but failed to attach any documents. *Id.*

Smurfit-Stone claims that it needs the list because without it, it would be unable to be certain that it received a copy of all documents Plaintiff intended to produce at trial. As Plaintiff has made no argument as to why the list of documents would not be discoverable, she is obliged to provide this information to Smurfit-Stone.

**II. Request for Production No. 4**

As for the allegedly privileged information, it should be noted that Plaintiff has not argued the existence of a privilege to this Court other than to produce the privilege log. Plaintiff provided Smurfit-Stone with transcriptions for four audio recordings but asserted an attorney-client privilege as to all other requested recordings. [Doc. # 41, pp. 2-3]. Smurfit-Stone claims these transcriptions are not certified and include redactions for which Plaintiff failed to provide a basis. *Id.*, p. 3. Plaintiff also submitted several sets of handwritten notes but identified an additional twenty-nine notes on her privilege log that were not produced. *Id.* Smurfit-Stone now seeks all original audio recordings and all of the diary notes.

The attorney-client privilege protects confidential communications "by a client to his attorney for the purpose of obtaining legal advice." *King v. University Healthcare System, L.C.* 645 F.3d 713, 720 (5th Cir. 2011). When a party refuses to produce documents otherwise discoverable by claiming that information contained in the documents is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents,

communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Moreover, "[a] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). A general allegation of privilege is insufficient to meet this burden. *See Nutmeg Insurance Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D. La. 1988); *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D.N.Y. 1996).

Here, Plaintiff has clearly failed to meet her burden of showing the existence of a privilege which might protect this information from discovery. Nothing in the log indicates that the communications described therein occurred between Plaintiff and her attorney for the purpose of obtaining legal advice. Furthermore, as the log indicates that the audio recordings consist of "discussions with co-workers," and "discussions with union," it would appear that any possible privilege that might have formed would have been waived by a voluntary disclosure to a third party. *See Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("[V]oluntary disclosure of information which is inconsistent with the confidential nature of the attorney client relationship waives the privilege."). Thus, Plaintiff has failed "to clarify and explain [her] objections and to provide support for those objections" and has failed to carry her burden of establishing the existence of an attorney-client privilege. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). Plaintiff is obliged to provide all requested audio recordings and diary notes to Smurfit-Stone.

**III. Request for Attorney's Fees**

When a motion to compel is granted, the court is authorized to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(5). The rule provides exceptions for non-

disclosures and responses that were substantially justified or circumstances that make an award unjust. *Id.* Here, however, the court finds no substantial justification for Plaintiff's untimely and deficient discovery responses. Not only were the responses dilatory, the document production proved inadequate and incomplete. Moreover, Plaintiff's grounds for withholding the information in the privilege log are entirely lacking in factual support. Under the circumstances, the court finds that an award of $500 is appropriate to ameliorate the reasonable expenses and fees incurred by Smurfit-Stone in prosecuting the instant motion.

**Conclusion**

For the above-assigned reasons, the undersigned finds that movant is entitled to relief. Accordingly, the motion to compel discovery [doc. # 36] and motion for attorney's fees [doc. # 36] filed by Defendant, Smurfit-Stone Container Enterprises, Inc., are GRANTED. Plaintiff is hereby ORDERED to provide full and complete responses to the discovery requests, as outlined above, within 15 days of the date of this order, to pay defendant the sum of $500 within the same time period, with proof of payment filed in the record of these proceedings within 30 days of the date of this order.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of December 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE